# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONDRE M. CHISOM, | : | |
|     Petitioner | : | |
| | : | No. 1:21-cv-773 |
|     v. | : | |
| | : | (Judge Rambo) |
| BARRY SMITH, *et al.*, | : | |
|     Respondents | : | |

## MEMORANDUM

On March 29, 2021, *pro se* Petitioner Dondre M. Chisom ("Petitioner"), who is presently incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania ("SCI Houtzdale"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1.) In an Order dated April 20, 2021, that court transferred the matter to this Court for further proceedings. (Doc. No. 3.) Following an Order to show cause (Doc. No. 8), Respondents filed their response on June 3, 2020 (Doc. No. 9). After receiving an extension of time to do so (Doc. Nos. 10, 11), Petitioner filed his traverse on July 6, 2021 (Doc. No. 12). Accordingly, Petitioner's § 2254 petition is ripe for disposition.

## I. BACKGROUND

### A. Procedural History

On June 19, 2017, in the Court of Common Pleas for Dauphin County, Pennsylvania, Petitioner pled guilty to third-degree murder and prohibited

possession of a firearm and was sentenced to an aggregate sentence of 25-50 years' incarceration. *See Commonwealth v. Chisom*, Docket No. CP-22-CR-0005714-2015 (Dauphin Cty. C.C.P.).[1] The Superior Court of Pennsylvania set forth the background of the case as follows:

> On the night of July 2, 2015, a verbal altercation between [Petitioner] and 34 year-old Christopher Williams, who allegedly cut to the front of a convenience store checkout line, culminated with [Petitioner] shooting Williams to death in claimed self defense. Charged with criminal homicide, persons not to possess firearms, and related offenses, [Petitioner] entered a counseled negotiated guilty plea to third-degree murder and persons not to possess firearms in exchange for an agreed-upon sentence of 25 to 50 years' incarceration and payment of fines totaling $75,000.00. On June 19, 2017, the trial court imposed an aggregate sentence in accordance with the plea agreement.

*Commonwealth v. Chisom*, No. 915 MDA 2020, 2021 WL 672920, at *1 (Pa. Super. Ct. Feb. 22, 2021). Petitioner did not file post-trial motions or a direct appeal. *Id.*

Between sentencing and when Petitioner filed a *pro se* Post Conviction Relief Act ("PCRA") petition, Petitioner and counsel "each filed several pertinent motions or correspondences with the trial court, as well as with one another." *Id.* In his correspondence with the trial court and counsel, Petitioner expressed confusion as to why counsel had not filed post-sentence motions or an appeal like he had requested. *Id.* On December 14, 2017, Petitioner subsequently filed a *pro se* motion

---

[1] In addition to the § 2254 petition, the Court utilized the Unified Judicial System of Pennsylvania Web Portal to review the relevant dockets for Petitioner's criminal proceedings. A district court may take judicial notice of state court records, as well as its own. *See Minney v. Winstead*, No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

2

to modify and reduce sentence, alleging "ineffective assistance of plea counsel for failing to file both pre-sentence and post-sentence motions" and asserting that "his plea had been coerced." *Id.*

On December 28, 207, Petitioner filed a *pro se* PCRA petition, asserting that: (1) counsel failed to file post-conviction motions on his behalf; (2) counsel coerced him to plead guilty; (3) counsel didn't raise mitigating factors regarding the brain surgery Petitioner had three (3) weeks prior to the homicide; and (4) newly discovered evidence in the form of a video became available after trial and would have changed the outcome had it been introduced. (Doc. No. 9-2 at 1-9.) Petitioner also requested that his appellate rights be reinstated. (*Id.* at 4.) Counsel was appointed to represent Petitioner, and on January 23, 2020, counsel filed a motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), alleging that there was no merit to Petitioner's PCRA petition. (Doc. No. 9-2 at 55-69.) On April 22, 2020, the PCRA court granted counsel's motion to withdraw and issued a notice that it intended to dismiss Petitioner's PCRA petition. (*Id.* at 70-75.) Petitioner filed a response, in which he requested an evidentiary hearing, on June 10, 2020. (*Id.* at 76-80.) On June 10, 2020, the PCRA court dismissed Petitioner's PCRA petition for the reasons set forth in its notice of intent to dismiss. (*Id.* at 81.)

Petitioner timely appealed to the Superior Court, arguing that (1) the PCRA court erred in determining that trial counsel was not ineffective and (2) that the state and federal courts actions in similar cases "have created a precedent that the State Courts should follow in ineffective assistance of counsel claims." *Chisom*, 2021 WL 672920, at *3. On February 22, 2021, the Superior Court affirmed the dismissal of Petitioner's PCRA petition. *Id.* at *4. Petitioner did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania.

B. **Habeas Claims Presented**

Petitioner raises the following claims for relief in his § 2254 petition:

1. Trial counsel was ineffective for allowing Petitioner to accept an induced plea agreement after new evidence was produced;

2. Trial counsel was ineffective for allowing Petitioner to plea to an illegally prescribed sentence; and

3. Trial counsel was ineffective for not filing a post-sentence motion.

(Doc. No. 1 at 19-24.)

II. **STANDARD OF REVIEW**

Habeas corpus is an "'extraordinary remedy' reserved for defendants who were 'grievously wronged' by the criminal proceedings." *See Dunn v. Colleran*, 247 F.3d 450, 468 (3d Cir. 2001) (quoting *Calderon v. Coleman*, 525 U.S. 414, 146 (1998)). The exercise of restraint by a federal court in reviewing and granting habeas relief is appropriate due to considerations of comity and federalism. *See Engle v.*

4

*Isaac*, 456 U.S. 107, 128 (1982). "The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power and their good-faith attempts to honor constitutional law." *Id.* States also have a recognized interest in the finality of convictions that have survived direct review within the state court system. *See Brecht v. Abrahamson*, 507 U.S. 619, 620 (1993).

A district court may entertain an application for a writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). If a claim presented in a § 2254 petition has been adjudicated on the merits in state court proceedings, habeas relief cannot be granted unless:

> the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d).

For claims of ineffective assistance of counsel raised in a habeas petition, the Court must consider the two components to demonstrating a violation of the right to effective assistance of counsel as set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner must show that counsel's

5

performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." *See id.* at 688; *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). Second, under *Strickland*, the petitioner must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *See id.* at 694. The *Strickland* test is conjunctive and a habeas petitioner must establish both the deficiency in the performance prong and the prejudice prong. *See Strickland*, 466 U.S. at 687; *Dooley v. Petsock*, 816 F.2d 885, 889 (3d Cir. 1987). As a result, if a petitioner fails on either prong, he loses. *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation omitted); *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.").

The two-pronged test established in *Strickland* "qualifies as 'clearly established Federal law'" for purposes of the AEDPA. *See Rainey v. Varner*, 603 F.3d 189, 197 (3d Cir. 2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 391 (2000)). Therefore, under § 2254(d)(1), the relevant inquiry in assessing ineffectiveness claims that have been adjudicated on the merits is whether the state court's decision involved an unreasonable application of *Strickland* or are based on an unreasonable determination of the facts. *See Jacobs v. Horn*, 395 F.3d 92, 107 n.9 (3d Cir. 2005). Moreover, Pennsylvania's three-pronged test for ineffective assistance claims, *see Commonwealth v Pierce*, 515 Pa. 153, 527 A.2d 973, 975-77 (Pa. 1987), is not contrary to *Strickland*, *see Jacobs*, 395 F.3d at 107 n.9.

## III. DISCUSSION

### A. Exhaustion and Procedural Default

The Court must first determine whether Petitioner's grounds for relief presented in his § 2254 petition have been exhausted in the state courts and, if not, whether circumstances exist to excuse Petitioner's procedural default of his claims. Respondents maintain that Ground Two is procedurally defaulted. (Doc. No. 9 at 5.)

Absent unusual circumstances, a federal court should not entertain a petition for writ of habeas corpus unless the petitioner has satisfied the exhaustion requirement articulated in 28 U.S.C. § 2254(b). Under § 2254(c), a petitioner will

7

not be deemed to have exhausted his available state remedies if he had the right under the law of the state to raise, by any available procedure, the question presented. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). A petitioner may exhaust a federal claim either by raising it on direct appeal or presenting it in post-conviction PCRA proceedings. *See id.* at 845. In addition, a claim is exhausted when it has been "fairly presented" to the state court. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). To that end, the federal habeas claim "must be the substantial equivalent of that presented to the state courts." *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). The petition must do so "in a manner that puts [the respondents] on notice that a federal claim is being asserted." *See Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005). "The Supreme Court has instructed that a claim is not 'fairly presented' if the state court 'must read beyond a petition or brief . . . in order to find material' that indicates the presence of a federal claim." *Collins v. Sec'y of Pa. Dep't of Corr.*, 742 F.3d 528, 542 (3d Cir. 2014) (quoting *Baldwin v. Reese*, 541 U.S. 27, 32 (2004)). Moreover, a habeas corpus petitioner has the burden of proving the exhaustion of all available state remedies. *See* 28 U.S.C. § 2254. Overall, the exhaustion requirement advances the goals of comity and federalism while reducing "piecemeal litigation." *See Duncan v. Walker*, 533 U.S. 167, 180 (2001).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further

relief in state courts, the exhaustion requirement is satisfied because there is an absence of available State corrective process." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). Claims deemed exhausted because of a state procedural bar are considered to be procedurally defaulted. *See, e.g.*, *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000). The district court then analyzes the claims under the procedural default doctrine. *See id.* The purpose of this rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). In *Cone v. Bell*, 556 U.S. 449 (2009), the United States Supreme Court explained:

> It is well established that federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state law ground that is independent of the federal question and adequate to support the judgment. In the context of federal habeas proceedings, the independent and adequate state ground doctrine is designed to ensure that the State's interest in correcting their own mistakes is respected in all federal habeas cases. When a petitioner fails to properly raise his federal claims in state court, he deprives the State of an opportunity to address those claims in the first instance and frustrates the State's ability to honor his constitutional rights. Therefore, consistent with the longstanding requirement that habeas petitioners must exhaust available state remedies before seeking relief in federal court, we have held that when a petitioner fails to raise his federal claims in compliance with relevant state procedural rules, the state court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate state ground for denying federal review.

*Id.* at 465 (internal quotations and citations omitted).

However, habeas corpus review is not barred in every instance in which a state court invokes a procedural rule to preclude its review of the federal claims asserted

9

by a state prisoner. A state procedural rule can preclude federal habeas corpus review "only when the state rule is 'independent of the federal question [presented] and adequate to support the judgment.'" *See Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007) (citing *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007)). The requirements of independence and adequacy are distinct. *See id.* A rule is "independent" if it is not dependent on any federal constitutional question, but "[a] state procedural ground will not bar federal habeas relief if the state law ground is 'so interwoven with federal law' that it cannot be said to be independent of the merits of a petitioner's federal claims." *See Johnson v. Pinchak*, 392 F.3d 551, 557 (3d Cir. 2004). A rule is "adequate" if it was "firmly established, readily ascertainable, and regularly followed at the time of the purported default." *See Levya*, 504 F.3d at 366 (quoting *Szuchon v. Lehman*, 273 F.3d 299, 372 (3d Cir. 2001)).

A petitioner whose constitutional claims have not been addressed on the merits due to procedural default can overcome the default, thereby allowing federal court review, if the petitioner can demonstrate either: (1) "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law; or (2) that the failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750. In order to show "cause and prejudice" sufficient to overcome a state court default, a petitioner must demonstrate the "cause" for his default and "prejudice" attributable thereto. *See Werts v. Vaughn*, 228 F.3d 178, 192

(3d Cir. 2000) (citing *Harris v. Reed*, 489 U.S. 255 (1989)). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Under the "prejudice prong," a petitioner has the burden of showing "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *See United States v. Frady*, 456 U.S. 152, 170 (1982); *see also Holland v. Horn*, 519 F.3d 107, 112 (3d Cir. 2008).

To show a "fundamental miscarriage of justice," a petitioner must establish that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Schlup v. Delo*, 513 U.S. 298, 326 (1995). Demonstrating actual innocence requires a stronger showing than that needed to establish prejudice. *See id.* In *Goldblum v. Klem*, 510 F.3d 204 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit explained the applicable two-step inquiry as follows. First, a "court must decide 'whether the petitioner has presented new reliable evidence . . . not presented at trial,'" and second, if a petitioner "puts forth new evidence not considered by the jury, a court asks 'whether it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *See id.* at 225 (citing *Hummard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004)). If a

petitioner can meet this standard by establishing "cause and prejudice" or a "fundamental miscarriage of justice," his default will be excused, and the Court may review the merits of the claim presented. *See id.*

In Ground Two, Petitioner avers that counsel was ineffective for allowing him to "plea to an illegally prescribe[d] sentence." (Doc. No. 1 at 22.) Petitioner vaguely suggests that "when a finding of fact alters the legally prescribed punishment so as to aggregate it, that finding is a[n] element which must be incorporated in the Petitioner's complaint/information or indictment." (*Id.* at 22.) In the instant case, the record is clear that Petitioner never presented this claim to the state courts. Moreover, Petitioner cannot return to state court to file a PCRA petition raising this ground because the PCRA's statute of limitations has expired. *See* 42 Pa. Cons. Stat. § 9545(b) (noting that a PCRA petition must "be filed within one year of the date the judgment becomes final" and that "a judgment becomes final at the conclusion of direct review").[2] Thus, because Ground Two was not raised in the state courts and Petitioner can no longer return to state court to present it, Ground Two is procedurally defaulted. Petitioner advances no compelling argument to establish cause and prejudice for his failure to raise Ground Two before the state courts.

---

[2] While § 9545 sets forth limited exceptions to this rule, none is applicable to Petitioner's claim. Petitioner does not make any allegations that the Government in any way interfered with his ability to file a PCRA petition or with his direct appeal, and he does not rely on a constitutional right newly recognized by the United States Supreme Court or the Supreme Court of Pennsylvania. *See* 42 Pa. Cons. Stat. § 9545(b)(1)(i), (iii). Petitioner also does not allege that he could not have discovered the basis of this claim through the exercise of due diligence. *See id.* § 9545(b)(1)(ii).

Moreover, Petitioner does not assert that a fundamental miscarriage of justice will occur if this Court does not consider his claim. *See Coleman*, 501 U.S. at 750. Accordingly, federal review of Ground Two is barred, and the Court will dismiss that claim for relief.[3]

B. **Merits of Petitioner's Remaining Claims**

As his first and third grounds for relief, Petitioner asserts that trial counsel was ineffective for allowing him to accept an "induced plea agreement after new evidence was produced" and for not filing a post-sentence motion. (Doc. No. 1 at 19-23.) With respect to these claims, the Superior Court stated:

> In this case, the PCRA court dismissed [Petitioner's] petition without a hearing. There is no absolute right to an evidentiary hearing. *See Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal, we examine the issues raised in light of the record "to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Id.*
>
> [Petitioner's] *pro se* petition essentially requested *nunc pro tunc* reinstatement of his right to file post-sentence motions, which, if necessary, would have the effect of preserving his right to file a direct appeal challenging a denial of said motions. Specifically, the petition alleged, *inter alia*, that plea counsel was ineffective for failing to file requested "post-conviction motions" in a timely manner. The PCRA court, the Commonwealth, and appointed PCRA counsel all construed [Petitioner's] claim to confine itself solely to counsel's failure to file a requested post-sentence motion.

---

[3] In any event, Petitioner fails to expand upon his argument as to how counsel was ineffective for allowing him to plead to an illegal sentence. He provides no further explanation as to why he is entitled to relief on this claim. Such vague and conclusory grounds for relief are subject to summary dismissal. *See United States v. Thomas*, 221 F.3d 430, 438 (3d Cir. 2000).

Because we discern from the record that [Petitioner's] claim is so confined,[] we agreement with their consensus that [Petitioner] failed in his obligation to demonstrate his petition raised a genuine issue of material fact that required an evidentiary hearing. That is to say, unlike the instance where counsel fails to file a direct appeal when requested to do so by a client, which constitutes *per se* ineffectiveness, *see Commonwealth v. Lantzy*, 736 A.2d 564, 572 (Pa. 1999), counsel's failure to file a post-sentence motion, even if requested to do so, is not *per se* ineffectiveness. *See Commonwealth v. Reaves*, 923 A.2d at 1119, 1129-1131 (Pa. 2007) (post-conviction petitioner required to establish actual prejudice where counsel's alleged deficiency stemmed from failure to move for reconsideration of sentence); *Commonwealth v. Liston*, 977 A.2d 1089, 1092 (Pa. 2009) (clarifying *Reaves* holding that failure to file post-sentence motions "does not fall within the limited ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief").

Instead, a PCRA petitioner alleging trial counsel's ineffectiveness for failure to file a post-sentence motion must satisfy the three-pronged test for ineffectiveness. *Reaves, supra*. A petitioner, therefore, bears the burden of pleading and proving that trial counsel's failure to file a post-sentence motion prejudiced him; namely, that had counsel filed the post-sentence motions, the sentencing court would have granted them. *See Liston, supra*. [Petitioner] did not meet that burden, nor did he raise a genuine issue on this claim.

Here, [Petitioner's] claims before the PCRA court did not address why the trial court would have granted a motion to reconsider [Petitioner's] sentence. Although [Petitioner] expressed displeasure with the consecutive nature of his sentences in his objections to the PCRA court's Rule 907 notice, he offered no reason why the trial court would have granted relief on this basis where the aggregate sentence amounted to the very 25 to 50 year sentence to which [Petitioner] had specifically agreed in the closed plea deal.

Moreover, the consecutive nature of a sentencing scheme is seldom the basis for finding a substantial question that the trial court acted outside sentencing norms or contrary to the Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010)

(sentencing court has discretion to impose sentences consecutively or concurrently, and challenges to this exercise of discretion do not raise a substantial question except in extreme circumstances). As [Petitioner] offered no explanation as to how his consecutive sentences supported reconsideration of his punishment, he deserves no relief on this argument.

[Petitioner] also was unable to demonstrate below that counsel induced him to plead guilty where he verified both in his written and oral plea colloquies that his plea was not the product of undue influence or coercion but was, instead, entered into knowingly, intelligently, and freely. [Petitioner] is bound by the statements he made under oath during his plea. *See Commonwealth v. Pollard*, 832 A.2d 519 (Pa. Super. 2003) (holding statements under oath confirming desire to plead guilty are binding).

Likewise, for the same reasons expressed by the PCRA court below, we find [Petitioner's] ineffectiveness claims based on allegedly after-discovered evidence in the form of a videotape and on counsel's failure to raise mitigating factors at sentencing have no basis in relevant facts. With regard to the video, the notes of testimony from [Petitioner's] guilty plea hearing, as referenced *supra*, established that the video was known and available to [Petitioner] during the hearing. For that matter, he altogether fails to argue specifically how the video would have benefitted him even if counsel had secured it for the court's review. In much the same way, [Petitioner] develops no meaningful argument demonstrating how mitigating sentencing factors were at all relevant where he had entered a closed plea foreclosing the court's exercise of sentencing discretion.

*Chisom*, 2021 WL 672920, at *3-4.

In the context of a guilty plea, *Strickland*'s prejudice test requires the petitioner to establish "that there is a reasonable probability that, but for counsel's errors[, the petitioner] would not have pleaded guilty and would have insisted on going to trial." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Hill v. Lockhart*,

474 U.S. 59, 59 (1985)). Petitioner, therefore, was required to demonstrate to the state courts that plea counsel coerced him into pleading guilty and that he was unlawfully induced to plead guilty, and that counsel's performance was, therefore, deficient. *Strickland*, 466 U.S. at 687-89. Moreover, a state court plea is constitutional if the circumstances demonstrate that the defendant understood the nature and the consequences of the charges against him and that defendant voluntarily chose to plead. *Ardrey v. Bravo*, 43 F. App'x 176, 178 (10th Cir. 2002) (citing *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969)). Therefore, to demonstrate that his plea was unknowing or involuntary, a petitioner must show that he was not advised of, or did not understand, the direct consequences of his plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970); *see also Heiser v. Ryan*, 951 F.2d 559, 561 (3d Cir. 1991) (quoting *Brady*, 397 U.S. at 748) (noting that a guilty plea "must be a 'knowing, intelligent act,' that is 'the voluntary expression of [the defendant's] own choice'").

Upon consideration of the record, the Court concludes that the Court concludes that the state courts' conclusions were reasonable determinations of the facts in light of the evidence presented, and were neither contrary to, nor unreasonable applications of, clearly established federal law. During his guilty plea colloquy, Petitioner represented that he understood the charges filed against him, as well as the potential penalties for those charges. (Doc. No. 9-1 at 8.) Petitioner

indicated that he understood that he was giving up his right to a jury trial and that were only three (3) issues he could raise on appeal should he choose to challenge his guilty plea and resulting sentence. (*Id.* at 9-10.) Petitioner stated that his prescription medications did not impact his ability to understand the guilty plea proceedings. (*Id.* at 10-11.) Moreover, near the conclusion of the guilty plea proceedings, the court recognized that there was a videotape of the incident, and the Commonwealth responded that there was. (*Id.* at 16.) Petitioner's counsel also indicated that Petitioner had never once denied killing Mr. Williams. (*Id.* at 17.) Petitioner also represented his understanding that the 25-50 year sentence was in accord with the negotiated plea agreement. (*Id.* at 18.)

From this record, the state courts reasonably concluded that Petitioner had not demonstrated that counsel induced him to plead guilty because he represented, under oath, that he was pleading guilty freely, intelligently, and knowingly. There was no basis on which counsel could file meritorious post-sentence motions, and the record reflects that the videotape was not after-discovered evidence, as it was known to Petitioner and his counsel at the time of his plea. Moreover, Petitioner has provided no allegations detailing what arguments counsel should have raised in any post-sentence motions and has not asserted how the videotape would have changed his mind about pleading guilty. Upon review of the record, the Court concludes that Petitioner has not demonstrated that the state court's disposition of these claims was

17

contrary to, or was an unreasonable application of, United States Supreme Court precedent. Moreover, Petitioner has not demonstrated that the state court's determination of the facts was unreasonable. Accordingly, Grounds One and Three will be dismissed.

IV. **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the instant matter, jurists

of reason would not find the disposition of Petitioner's petition debatable. As such, no COA will issue.

## V.  CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be denied and a COA will not issue. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: July 12, 2021